[No. 44378. En Banc. March 10, 1977.]

WASHINGTON STATE LIQUOR CONTROL BOARD, ET AL, *Appellants,* v. WASHINGTON STATE PERSONNEL BOARD, ET AL, *Respondents.*

*Slade Gorton, Attorney General,* and *John G. Hennen, Assistant,* for appellants.

*Slade Gorton, Attorney General,* and *K. W. Elfbrandt, Assistant,* for respondent Personnel Board.

*Hafer, Cassidy & Price,* by *Thomas K. Cassidy,* for respondent Rees.

*Herbert H. Fuller,* for respondent Ashley.

UTTER, J.—Arlene Rees and Mary Ashley, who were employed as liquor store clerks, were discharged by the Washington State Liquor Board. They each appealed their discharge to the Washington State Personnel Board, which, after hearings, directed the liquor board to rehire them. The liquor board then filed a petition for review in each case in Superior Court, pursuant to RCW 34.04.130, urging reversal of the personnel board ruling. The Superior Court dismissed the petition of the liquor board in both cases, holding the board lacked standing to appeal as a "person aggrieved" within the applicable judicial review provision of the state administrative procedures act. The court also considered the merits of each case and determined that, if the liquor board did have the requisite standing, it would affirm the decisions of the personnel board. We affirm the Superior Court and dismiss the appeals.

The two boards here involved have broad responsibilities. The liquor board is a state agency responsible for regulation of the state–controlled retail liquor business pursuant to RCW Title 66. The personnel board governs the State Department of Personnel and is responsible for regulation of the state civil service system pursuant to RCW 41.06. These entities, as agencies of the state, are subject to legislative control and direction.

The applicable provision of RCW 34.04.130, the administrative procedures act regulation governing appeals, provides:

(1) Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, is entitled to judicial review thereof only under the provisions of this . . . act . . .

Judicial review of the decisions of the personnel board in contested cases is governed by this statute. RCW 34.04.150.

■ The source of a state agency's rights, powers, duties, and privileges and immunities is statutory. Subject to the inherent constitutional power of the judiciary to review illegal or manifestly arbitrary and capricious action, it is for the legislature to decide whether one state agency may appeal or obtain judicial review of an adverse decision rendered by another state agency. *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 511 P.2d 52 (1973). The liquor board argues that both it and its chairman, Jack C. Hood, are "persons aggrieved" within the terms of RCW 34.04.130. The administrative procedures act contains no definition of the meaning of the term "person aggrieved" and this failure gives rise to the necessity to consider the issues presently before us. In *Hood* (a case involving the same agencies as are presently before the court), the liquor board sought a writ of certiorari to secure review of a decision of the personnel board. In the course of the opinion in that case, denying issuance of the writ, this court had occasion to observe, at page 399:

We note, preliminarily, that the Liquor Control Board did not attempt an appeal to the superior court. The

right of appeal from orders of the Personnel Board is limited expressly to *state employees*. RCW 41.06.200 reads in part as follows:

(1) Within thirty days after the recording of the order and the mailing thereof, the *employee may appeal* to the superior court of Thurston County . . .

(Italics ours.)

In *State Bd. Against Discrimination v. Board of Directors, Olympia School Dist. 1*, 68 Wn.2d 262, 412 P.2d 769 (1966), it was held that a similar provision, precluding appeal by state agencies from decisions of the State Board Against Discrimination, was not expressly repealed by any provision of the state administrative procedures act or impliedly repealed by the general repealer clause contained therein and codified as RCW 34.04.910. The court therefore concluded that a state agency was precluded by the express language of the relevant underlying statute controlling the State Board Against Discrimination from seeking review of a decision of that board adverse to it.

■ The foregoing decisions appear, at least initially, to be dispositive of the issue before us. The *Olympia School Dist.* case stands for the general principle that where a statute upon which agency action is based limits the right to appeal, that statute is determinative, absent express or implied repeal, of the issue of standing for purposes of judicial review. In *Hood,* it was pointed out that the underlying statute upon which the action of the personnel board here at issue is based limits the right of appeal solely to employees. The statute has not been expressly repealed by the legislature. Thus, unless it can be shown that RCW 41.06.200 has in some manner been impliedly repealed, appellants' argument must fail.

■ The liquor board contends an examination of legislative amendments to the administrative procedures act since our decision in *State Bd. Against Discrimination v. Board of Directors, Olympia School Dist. 1, supra,* indicates an intent on the part of the legislature to grant agencies such as the liquor board the right to appeal

administrative decisions of other state agencies. In examining these contentions, we must be mindful of the principle that repeals by implication are not favored in law. A latter act will not operate to repeal an earlier act except in instances where the latter act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject or unless the two acts are so clearly inconsistent with and repugnant to each other that they cannot, by fair and reasonable construction, be reconciled and both given effect. *Abel v. Diking & Drainage Improvement Dist. 4*, 19 Wn.2d 356, 142 P.2d 1017 (1943); *Jenkins v. State*, 85 Wn.2d 883, 540 P.2d 1363 (1975).

Since our decision in *Olympia School Dist.*, the administrative procedures act has been substantially amended on several occasions. Appellants first argue, with regard to these amendments, that the failure of the legislature to enact a definition of "person" which would clearly exclude a state agency, while amending the definition section of the administrative procedures act after the Supreme Court had pointed out the lack of definition of the word in *Olympia School Dist.*, is evidence that the legislature intended a state agency should not be excluded from the limits of that term. Appellants' argument is not persuasive. Historically, both the model state administrative procedures act (*see* 9 U.L.A. 435) and the federal act (*see* 5 U.S.C. § 551(2)) limit the scope of the term "person" so as not to include an agency of the government. While our legislature has not incorporated this language in our statutes, when our State has intended to grant agencies of the State the right of appeal it has done so in explicit language. The Shoreline Management Act of 1971, RCW 90.58, specifically defines a "person" for purposes of the right to appeal to mean, among other things, an "agency of the state or local governmental unit however designated". RCW 90.58.030(1)(d). The director of revenue is likewise given specific authority to seek review from a decision of the Board of Tax Appeals. RCW 82.03.180 provides in part: "The director of revenue

shall have the same right of review from a decision . . . as does a taxpayer."

It is not clear what significance, if any, can be attached to the failure of the legislature to include a definition of the term "person" within the act. The limited scope of the term as set forth in both the model act and the federal Administrative Procedure Act certainly militates against the appellants' argument. While the term "person", when used in a statute, may include a state agency (RCW 1.16.080), it is significant that the legislature did not use the words "agency", "person", or "party" interchangeably in the administrative procedures act, but rather seemed to attach different meanings to each. This is most strikingly indicated in the savings clause of RCW 34.04.940, which provides "[e]xcept as otherwise required by law, all requirements or privileges relating to evidence or procedure shall apply equally to agencies and persons."[1]

We find that, rather than supporting appellants' position, the failure to provide a definition which expressly includes an agency within the word "person", coupled with the varying use of these terms throughout the administrative procedures act, is indicative of an intent that an agency not be considered to be a "person aggrieved" under the act.

In immediate response to the *Olympia School Dist.* decision, the Senate did pass a resolution directing the legislative council to investigate, and in conjunction with other state agencies, prepare legislation eliminating conflict between specific agency statutes and the administrative procedures act. (Senate Journal, 40th Legislature (1967), at 1364.) In 1971, the specific provision relied upon in *Olympia School Dist.*, precluding agency appeal of a decision of the State Board Against Discrimination, was expressly repealed. Laws of 1971, 1st Ex. Sess., ch. 52, § 1. Available legislative history indicates rather clearly that this action was taken in direct response to the *Olympia*

[1]*See also* RCW 34.04.090(1)(d); 34.04.105(2); 34.04.115.

*School Dist.* decision. In addition, the judicial review pro-
vision of the administrative procedures act, RCW 34.04.130,
and the general repeal and saving provision of the act,
RCW 34.04.910, were amended in 1967.[2]

■ Appellants contend that these amendments,
together with the repeal of RCW 49.60.300, constitute a
repeal by implication of the provision of the State Civil
Service Law limiting the right of appeal to employees. We
cannot agree. While this legislative action indicates a
degree of concern on the part of the legislature with regard
to the issue of agency standing, it does not affect RCW
41.06.200 in such a way as to satisfy any of the require-
ments for a repeal by implication set forth in our cases. As
we pointed out in the *Olympia School Dist.* decision, the
administrative procedures act sets forth the exclusive pro-
cedure to be used for judicial review of administrative
action. However, the administrative procedures act does not
include a comprehensive standing provision. In the absence
of a concise definition of the scope of the term "person
aggrieved" in that act, we feel constrained to abide by the
legislative pronouncements with regard to the right to seek
judicial review which are set forth in the civil service act
itself. While the legislature has repealed the provision
which we found controlling in *Olympia School Dist.,* it has
not chosen to take similar action with regard to RCW
41.06.200. We will not speculate as to the legislature's pur-
pose in failing so to do, but rather will seek to give effect to

---

[2]"34.04.130 . . . (1) Any person aggrieved by a final decision in a contested
case, whether such decision is affirmative or negative in form, is entitled to judi-
cial review thereof only under the provisions of this 1967 amendatory act, and
such person may not use any other procedure to obtain judicial review of a final
decision, even though another procedure is provided elsewhere by a special statute
or a statute of general application. Where the agency's rules provide a procedure
for rehearing or reconsideration, and that procedure has been invoked, the agency
decision shall not be final until the agency shall have acted thereon."

"34.04.910 . . . All acts or parts of acts, whether special or comprehensive in
nature, which are inconsistent with the provisions of this chapter, whether in the
review procedures which they establish or otherwise, are hereby repealed, but
such repeal shall not affect pending proceedings." (The underlined portion of each
provision indicates language added in 1967.)

the existing statutory scheme. Because the administrative procedures act contains no comprehensive standing provision, there is no clear inconsistency between that act and the provision of the State Civil Service Law limiting the right of appeal to employees. We conclude that RCW 41.06.200 remains in effect and precludes judicial review of a personnel board decision in a contested case by an employing agency.[3]

▇ Appellants also argue that Jack Hood clearly is a "person" and thus at least he has standing to seek judicial review. However, it does not appear that he has any personal stake in these proceedings. His interest is only in his capacity as an officer of the affected state agency. He thus lacks the requisite standing to pursue this appeal in his own name. *Cf. Reagles v. Simpson,* 72 Wn.2d 577, 434 P.2d 559 (1967). The liquor control board does not change the character of this suit from one by an agency to one by a "person" by setting forth the name of the chairman in the caption of this suit. "The character or nature of the action is not changed for jurisdictional purposes by the mere joinder of the board of trustees as a party defendant." *Centralia College Educ. Ass'n v. Board of Trustees,* 82 Wn.2d 128, 135, 508 P.2d 1357 (1973).

---

[3]The Ninth Circuit has recently adopted a standing test to be applied to state agencies seeking review under the federal Administrative Procedure Act which differs from the analysis used in this case. The test is based upon the general federal standing rule applicable to private individuals. *Association of Data Processing Serv. Organizations, Inc. v. Camp,* 397 U.S. 150, 25 L. Ed. 2d 184, 90 S. Ct. 827 (1970); *Sierra Club v. Morton,* 405 U.S. 727, 31 L. Ed. 2d 636, 92 S. Ct. 1361 (1972). In *Washington Util. & Transp. Comm'n v. Federal Communications Comm'n,* 513 F.2d 1142 (9th Cir. 1975), the Court of Appeals held a state agency had standing to appeal a decision of a federal agency when it (1) suffers injury in fact, that is, the decision allegedly interferes with its ability to discharge its statutory duties; and (2) its statutory obligations are arguably within the "zone of interest to be protected" by the underlying statute on which the decision–making agency has acted. If this rule were applied to the case before us it also would result in affirmance of the trial court because, although the liquor board presumably has a duty to protect its budget from being unnecessarily depleted, the underlying statute here at issue expressly indicates that employers are not to be protected by access to judicial review.

We hold the liquor control board is not a person within the meaning of RCW 34.04.130(1) and that the trial court correctly held appellants had no standing to seek judicial review under the administrative procedures act.

The liquor board next contends that the personnel board lost subject matter jurisdiction of these employee appeals by failing to hold hearings and render a decision within the time required by law. Under the provisions of the State Civil Service Law an employee has 30 days in which to file his or her appeal to the personnel board; the board thereafter has 30 days in which to hear the appeal and 30 days after the hearing in which to enter its order. RCW 41.06-.170, .190. These two statutes anticipate a maximum period of 90 days in which the personnel board is to complete its action on an employee appeal. The hearings in these two cases were held 360 days (in the Ashley case) and 401 days (in the Rees case) after the appeals were filed. The fault, however, was not that of the employees, but rather that of the personnel board and its staff. Appellants urge us to hold the 30–day time limits to be mandatory, which construction would deprive the personnel board of subject matter jurisdiction. The trial court declined to treat these provisions as mandatory where the result would be that these employees would lose a legislatively mandated right of appeal after having done everything in their power to perfect an appeal.

■ Each of the procedural time limitations pertinent to this issue is set forth by use of the word "shall." While as a general rule, the use of the word "shall" in a statute is imperative and operates to create a duty, in each case the word is to be treated as mandatory or permissive, depending upon the intent of the legislature as determined by the ordinary rules of construction. *Spokane County ex rel. Sullivan v. Glover,* 2 Wn.2d 162, 97 P.2d 628 (1940).

■ In *Spokane v. Spokane Police Guild,* 87 Wn.2d 457, 465, 553 P.2d 1316 (1976), we faced a problem similar to this one. Language in a statute providing for time limits for steps in arbitration proceedings used the word "shall." The

City of Spokane argued the legislature's use of the word "shall" in connection with time deadlines resulted in the deadlines being mandatory. We concluded: "This is not always so. The word 'shall' in a statute may be construed as directory rather than mandatory depending upon legislative intent." Applying this rule to the facts before us, we conclude that the decision of the trial court on this issue was correct. To conclude that these provisions are mandatory would result in the right of employee appeal, which is, of course, the main purpose of the statute, being totally extinguished without any fault on the part of the employee. Nothing indicates the legislature intended such a result. Further, there is nothing in the record to show when, if ever, the liquor board objected to the delay in processing the appeal before the personnel board, either prior to or during the hearing before that body or that the employees had, within their control, the ability to expedite the date of the hearings or the decisions based thereon.

In view of our conclusion that the liquor board lacked standing to seek judicial review of the personnel board's decisions under the administrative procedures act, our consideration of the merits is limited to determining if the action of the personnel board in these two cases constitutes illegal or manifestly arbitrary and capricious action in violation of a fundamental right. *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 511 P.2d 52 (1973). We hold that it does not.

█ Both individual respondents were terminated on the basis of an alleged disability. The sole basis for administrative appeal of such a separation is that the disability alleged does not exist. WAC 356–35–010. The personnel board has defined disability in its regulations as follows: "[a]n employee's bodily inability to perform adequately the essential duties of the job class. . . ." WAC 356–06–010. Appellants contend that the phrase "essential duties" in the above regulation must have reference to the job specifications for a particular position. In the Rees case, the personnel board declined to adopt such an interpretation and

held the liquor board was required to show that the alleged disability actually interfered directly with what are determined to be the essential duties of the particular employee. In the Ashley case, the board interpreted WAC 356–35–010 to allow discharge only upon the basis of disabilities arising from an adverse change in the physical condition of an employee and not to those arising from a change in agency policy. The decisions of the personnel board in these cases involved interpretation of the board's own rules. The construction of a rule by the agency which promulgated it is entitled to great weight. *State Employees Ass'n v. Cleary,* 86 Wn.2d 124, 542 P.2d 1249 (1975). The trial court found that the findings of fact of the personnel board were supported by substantial evidence and not clearly erroneous. The board's action cannot be said to be "manifestly arbitrary and capricious." We find appellants' arguments that the orders of the personnel board violate article 8, section 5 of the Washington State Constitution or require the liquor board to violate RCW 41.06.270 are without merit.

The decision of the trial court is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.