[No. 10656–6–II.   Division Two.   May 1, 1989.]

JAMES TERHAR, ET AL, *Appellants*, v. THE DEPARTMENT
OF LICENSING, ET AL, *Respondents*.

*Edward E. Younglove III* and *Swanson, Parr, Cordes, Younglove, Peeples & Wyckoff, P.S.*, for appellants.

*Kenneth O. Eikenberry, Attorney General*, and *Victoria W. Sheldon, Assistant*, for respondents.

ALEXANDER, C.J.—James Terhar and Robert Salerno appeal a judgment of the Thurston County Superior Court affirming the Washington State Personnel Appeals Board's dismissal of appellants' claims against the Department of Licensing. Terhar and Salerno contend they are entitled to certain "reductions in force benefits" as a result of appellants' job classifications having been reallocated downward in the course of a reorganization initiated by the Department of Licensing. Appellants contend on appeal that the Personnel Appeals Board (1) erred in concluding that an employee must be separated from employment before the reduction in force provisions of WAC 356–30–330 apply, and/or (2) acted arbitrarily and capriciously in affirming the Department's use of the reallocation process to effectuate a reorganization. We find no error and affirm.

In the spring of 1986, the Department of Licensing reorganized the Divisions of Professional Licensing and Real Estate. Prior to reorganization, Terhar had been a Licensing Administrator with the Division of Professional Licensing. After the reorganization, Terhar's duties were changed and his position was reallocated in accordance with his newly assigned duties. The reallocation resulted in Terhar's job classification being reduced from Licensing Administrator to Investigator III, although he retained the salary level of Licensing Administrator.[1] Similarly, Salerno

---

[1] Pursuant to WAC 356–10–040(5), a downward reallocated employee is entitled to retain his previous salary if it is within the salary range of the lower class, in addition to benefiting from subsequent salary increases; however, where such an employee's salary exceeds the top step of the salary range for the lower class,

was assigned new duties following the reorganization. He was reallocated downward from a position as a Real Estate Administrator within the Real Estate Division to the classification of Real Estate Investigator. His salary also remained at the former level.

Following the reallocations, Terhar and Salerno filed appeals to the Personnel Appeals Board. They contended that the Department of Licensing had violated the State's civil service law by not invoking the "reduction-in-force" provisions of WAC 356-30-330 in relation to the Department's reorganization. The Department moved for a summary judgment of dismissal pursuant to WAC 358-30-060. The motion was granted by the Board on the basis that the appellants were not "separated from service" so as to invoke the reduction in force regulation.

Terhar and Salerno sought review of the Board's decision in the Thurston County Superior Court. The Superior Court affirmed the decision of the Board and this appeal followed.

Although this appeal is from an order of the Superior Court, this court's review is of the record of the administrative tribunal and not the decision of the Superior Court. *Wahler v. Department of Social & Health Servs.*, 20 Wn. App. 571, 582 P.2d 534 (1978). Our review is governed by RCW 41.64.130(1), which provides that an employee may seek judicial review of a decision of the Washington State Personnel Appeals Board on grounds that the order was:

(a) Founded on or contained an error of law, which shall specifically include error in construction or application of any pertinent rules or regulations;

. . .

(e) Arbitrary or capricious.

---

the employee's salary becomes "Y-rated" pursuant to the provisions of WAC 356-14-075. This rating freezes the employee's salary, thus denying the employee the benefit of any salary increase until the salary at which the employee is "Y-rated" is exceeded by the salary of the lower classification. Both appellants' salaries became Y-rated following the reclassification of these positions.

The issues before this court are (1) whether the Personnel Appeals Board erred in determining, as a matter of law, that an employee's employment must be terminated before the reduction in force provisions of WAC 356–30–330 become applicable, and, if it did not err, (2) whether the Board, nevertheless, acted arbitrarily and capriciously in permitting the Department to invoke the reallocation process to effectuate a reorganization.

## I
### CONSTRUCTION OF WAC 356–30–330

Pursuant to WAC 356–30–330, employees who are "separated" as a result of a "reduction–in–force"[2] are entitled to avail themselves of various options in lieu of separation.[3] These options include the "bumping" of less senior employees. WAC 356–30–330(2)(e).

"Reduction in force" is defined as a "separation from service without cause." WAC 356–05–335.[4] Although the

---

[2] "WAC 356–30–330 Reduction in Force—Reasons, regulations—Procedures. (1) The reasons for reduction in force actions and the minimum period of notice are:

"(a) Employees may be separated in accordance with the statutes and the agencies' approved reduction in force procedures after at least fifteen calendar days notice in writing, without prejudice, because of lack of funds or curtailment of work, or good faith reorganization for efficiency purposes, ineligibility to continue in a position which has been reallocated, or when there are fewer positions than there are employees entitled to such positions either by statute or within other provisions of merit system rules."

[3] WAC 356–30–330(2):

"(c) Options in lieu of separation by reduction in force shall be offered by an agency only when such options are in accordance with the agency's reduction in force procedure which has been approved by the director of personnel.

"(d) Agency reduction in force procedures shall specify the rights and obligations for employees to accept or reject options offered in lieu of separation due to reduction in force."

[4] WAC 356–05–335 provides:

"A separation resulting from a lack of funds, lack of work, good faith reorganization for efficiency purposes, or from there being fewer positions than the employees entitled to the positions because of exercising their rights to return to the classified service. *When a reduction in force occurs, it is a separation from service without cause on the part of the employee.*" (Italics ours.)

term "separation from service" is not defined by the applicable regulations, appellants contend that they suffered a "separation from service" as a result of the Department's reorganization because it resulted in their former positions being abolished and their job classifications being permanently reallocated downward. The Board counters, arguing that the term "separation from service" should be construed so as to require a termination of employment, not merely the termination of a position, before the reduction in force regulations are applicable.

The determination of the applicability of a particular statute or regulation to a factual situation is a conclusion of law. *Blake v. Federal Way Cycle Ctr.,* 40 Wn. App. 302, 309, 698 P.2d 578, *review denied,* 104 Wn.2d 1005 (1985). Accordingly, the Board's construction of the reduction in force provisions is subject to independent appellate review, although the Board's construction is entitled to great weight. *State Liquor Control Bd. v. State Personnel Bd.,* 88 Wn.2d 368, 379, 561 P.2d 195 (1977). When construing an undefined term in an administrative agency rule, it is reasonable to give the term its ordinary, common, everyday meaning. *Gaylord v. Tacoma Sch. Dist. 10,* 88 Wn.2d 286, 559 P.2d 1340, *cert. denied,* 434 U.S. 879 (1977). In addition, the provision must be construed together with the other regulations, which are part of the same act and relate to the same subject matter. *See Johnsen v. Petersen,* 43 Wn. App. 801, 806, 719 P.2d 607 (1986).

Having reviewed the regulations relating to reductions in force, we conclude that a "separation from service" does not take place unless there is a complete termination of employment. This conclusion is dictated, in part, by our reading of WAC 356–30–330, which states that an employee may be separated because of ". . . ineligibility to continue in a position which has been reallocated . . ." The corollary to this provision is that one who is eligible to continue in a position which has been reallocated is not "separated." Because Terhar and Salerno continue to be employed by

the Department in the reallocated positions, there is no separation from service as a result of the downward reallocation of their positions.

Appellants contend, however, that a distinction should be drawn between downward and upward reallocations. We do not find such a distinction to be supported by a reading of the entire regulation. WAC 356–10–040[5] provides for a downward reallocation of an employee's position without any corresponding right on the part of the employee to invoke the reduction in force benefits. Indeed, were we to construe the term "separation from service" to include downward reallocations, we would render meaningless a great deal of the language contained in the regulation governing downward reallocations. *See* WAC 356–10–040(3). Administrative regulations must be given a reasonable construction to avoid such a meaningless distinction. *See Kelley v. Howard S. Wright Constr. Co.,* 90 Wn.2d 323, 337, 582 P.2d 500 (1978). Construing the term separation from service as occurring only upon termination of employment achieves this result. For these reasons, we find no error in the construction given the reduction in force provisions by the Board.

---

[5] "WAC 356–10–040 Employee appointment status—Downward reallocation. Employees in positions that are reallocated downward are affected as follows:

"(1) The director of personnel shall notify the incumbent and the employing agency in writing at least thirty calendar days prior to the effective date of the reallocation. This action shall not preclude the employee from accepting a transfer or promotion to a vacant position.

"(2) The employee may elect to remain in the reallocated position provided the employee meets the minimum or desirable qualifications for the new classification or acceptable qualifications as determined by the director of personnel or designee. No further qualifying examination will be required and the employee will retain existing appointment status.

"(3) *If the employee does not meet the qualifications for the new classification* as provided in subsection (2) of this section and the employee is not transferred, promoted, demoted or otherwise retained in status within sixty days, *the provisions governing reduction in force shall apply.*

"(4) An employee who remains in a position which is reallocated downward may have his or her name placed upon the agency reduction in force register for the classification to which the position was previously allocated." (Italics ours.)

## II
### ARBITRARY AND CAPRICIOUS CONDUCT

Appellants contend, alternatively, that the Department improperly invoked the reallocation process to effect its reorganization, and thus, the Board acted arbitrarily and capriciously in affirming this action. Essentially, appellants contend that the Department should not have been permitted to "reallocate" employees whose positions were abolished. They suggest, rather, that the Department should have been required to terminate the employment of those employees whose positions were abolished, subject to the employee's right to invoke the reduction in force procedures provided by regulation.

■ Arbitrary and capricious action of administrative bodies means willful and unreasonable action, without consideration and in disregard of facts or circumstances. *DuPont–Fort Lewis Sch. Dist. 7 v. Bruno,* 79 Wn.2d 736, 739, 489 P.2d 171 (1971). When there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached. *Bruno,* 79 Wn.2d at 739.

Appellants contend that the reallocation process has a very limited function and cannot be invoked to achieve reorganization. There is support for this interpretation. WAC 356–10–030(1) states that ". . . reallocations shall be based upon an investigation of duties and responsibilities assigned and/or performed and other information and recommendations." Arguably, the reallocation process was intended to be used only as a means of reclassifying a position as the nature and function of the positions' duties changed.

In the present case the Department first assigned new duties to the appellants, in order to reclassify them under the reallocation process. Whether the Legislature intended

the reallocation process to be used in that fashion is questionable. At the very least, there is potential for abuse because an agency could accomplish indirectly what it could not do directly. As an example, the rules governing "demotions," WAC 356–34, could potentially be bypassed by first assigning an individual new duties and then reallocating him downward to the classification which corresponds with those duties.[6]

The fact that the Department's application of the reallocation process under these circumstances raises the potential for abuse, however, does not mean that the Board acted arbitrarily or capriciously in affirming the Department's action. The language of WAC 356–10–030(1), which defines the criteria for reallocations, refers, in addition to the investigation of duties and responsibilities assigned and/or performed, to "other information and recommendations." We find this language to be ambiguous regarding the permissible application of the reallocation process to effect a reorganization, and accordingly, to be susceptible to the construction given it by the Department and concurred in by the Personnel Appeals Board. The Board's construction must be given great weight by this court. *See State Liquor Control Bd. v. State Personnel Bd., supra.* Furthermore, the attention and scrutiny given this matter by the Board reflects that due consideration was given to these issues. Accordingly, the Board's conduct cannot, under these circumstances, be said to be arbitrary and capricious. *See DuPont–Fort Lewis Sch. Dist. 7 v. Bruno, supra.*

---

[6]Further support for the argument that the reallocation process was not intended to be used to effect reorganization is found in *Curcio v. Insurance Comm'rs,* Personnel Bd. Dec. 79S–45 (1980), which the Board expressly overruled in the present case. In *Curcio,* the Board held that the permanent reassignment of an employee to a lower classification constituted a reorganization entitling the employee to the reduction in force benefits. *Curcio v. Insurance Comm'rs, supra.* The significance of *Curcio* is that it recognized a reorganization as being something beyond the scope of the reallocation process.

We affirm.

PETRICH and WORSWICK, JJ., concur.

Review denied at 113 Wn.2d 1008 (1989).