[No. 12593-5-II.   Division Two.   July 10, 1990.]

JOSEPH K. THOMAS, *Appellant,* v. THE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES,
*Respondent.*

*Craig W. Hanson* and *Hanson & Dionne,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *David R. Minikel, Assistant,* for respondent.

FARIS, J.*—Joseph K. Thomas appeals the Superior Court's affirmance of the Personnel Appeals Board's summary judgment in favor of the Department of Social and Health Services (DSHS). Thomas argues that DSHS violated his seniority rights by replacing him, rather than a less senior employee, upon the return of an exempt employee, John Stern, to classified service. We agree and reverse.

We are concerned here with Thomas's civil service rights upon the return of John Stern from an exempt[1] position. Thus, we must first examine Stern's position before moving on to determine how Stern's return affected Thomas's rights.

Effective February 12, 1982, the State Personnel Board abolished the classified position of Community Services Supervisor, then held by John Stern, and established the exempt position of Developmental Disabilities Assistant Director, Community Services. Stern was appointed to the latter position. He held that position until 1985 when, by a letter dated January 22, 1985, he was informed that his appointment to the position would end in 30 days.

The civil service rules would have allowed Stern to return to the position he previously held, but that position had been eliminated. Thus, Stern had to fill a position of

---

*Judge Philip H. Faris is serving as a judge pro tempore of the Court of Appeals, pursuant to CAR 21(c).

[1]RCW 41.06.070 provides that the state civil service law shall not apply to certain positions designated in the statute or established according to the statutory procedures.

similar nature and salary. *See* former RCW 41.06.070(27) and WAC 356–06–055(1). After two appeals to the Personnel Appeals Board, Stern accepted the position offered by DSHS, Developmental Disabilities Case Services Assistant Chief. This position was then held by Thomas. The Board ruled that WAC 356–06–055(1)[2] applied, rather than WAC

---

[2] "WAC 356–06–055 **Exempt — Classified service — Movement between.** (1) Any classified employee having civil service status in a classified position who accepts an appointment in an exempt position shall have the right to return to the highest class of position in which the employee previously held permanent status, or to a position of similar nature and salary, within four years from the date of appointment to the exempt position. However, (a) upon the prior request of the appointing authority of the exempt position, the personnel board may approve one extension of no more than four years; and (b) if an appointment was accepted prior to July 10, 1982, then the four–year period shall begin as of that date. Such employee must apply to return to classified service within 30 calendar days of:

"(i) Termination of employment in such exempt position, or

"(ii) Termination of employment in any other exempt position in which the employee subsequently served provided there was no break in his/her service with the state of more than 30 calendar days.

"(2) When a classified employee holds a position in the classified service which is exempted, the following provisions shall apply at the time of the exemption:

"(a) If the employee is appointed to the exempted position or to another exempt position, the employee shall have the right to return to the classified service as specified in subsection (1) of this section.

"(b) If the employee is not appointed to the exempted position or to another exempt position but has previously held permanent status in another classified position, the employee shall have the right to return to the highest class of position previously held, or to a position of similar nature and salary.

"(3) Employees exercising return rights within the time specified, as provided in subsection (1) of this section, shall return:

"(a) At the time of separation or application, whichever is later.

"(b) To a salary not less than the salary they left, adjusted according to salary changes made in the interim.

"(c) With the same status they last held at the time they left the classified service.

"(d) With their seniority credited with the full time of their absence from the classified service and with no break in service.

"(4) Present or past employees of the exempt service who have not previously left the classified service specifically to take an exempt position shall not be entitled to move back into the classified service under the provisions of this section or WAC 356–30–330."

356–06–055(2).[3] At no time did the Board consider that any statute or regulation required application of the reduction–in–force (RIF)[4] rules of WAC 356–30–330[5] in placing

[3]WAC 356–06–055:

"(2) When a classified employee holds a position in the classified service which is exempted, the following provisions shall apply at the time of the exemption:

"(a) If the employee is appointed to the exempted position or to another exempt position, the employee shall have the right to return to the classified service as specified in subsection (1) of this section.

"(b) If the employee is not appointed to the exempted position or to another exempt position but has previously held permanent status in another classified position, the employee shall have the right to return to the highest class of position previously held, or to a position of similar nature and salary."

[4]"WAC 356–05–335 Reduction in force. A separation resulting from a lack of funds, lack of work, good faith reorganization for efficiency purposes, or from there being fewer positions than the employees entitled to the positions because of exercising their rights to return to the classified service. When a reduction in force occurs, it is a separation from service without cause on the part of the employee."

[5]"WAC 356–30–330 Reduction in force—Reasons, regulations—Procedure. (1) The reasons for reduction in force actions and the minimum period of notice are:

"(a) Employees may be separated in accordance with the statutes and the agencies' approved reduction in force procedures after at least fifteen calendar days' notice in writing, without prejudice, because of lack of funds or curtailment of work, or good faith reorganization for efficiency purposes, ineligibility to continue in a position which has been reallocated, or when there are fewer positions than there are employees entitled to such positions either by statute or within other provisions of merit system rules.

"(b) When employees have statutory and merit system rule rights to return to the classified service and the total number of employees exceeds the number of positions to be filled in the classification, those employees in excess will have the reduction in force rights prescribed in this section.

"(2) The agencies shall develop a reduction in force procedure that is consistent with the following:

"    . . . .

"(e) 'Bumping' by employees with greater seniority will be limited to:

"    . . . .

"(iv) Employee with the least seniority within the same category of full–time or part–time employment; and

"    . . . .

"(g) When an employee has previously held permanent status in more than one classification at the same salary range and is eligible to bump, then the employee shall be offered the option to bump into the position occupied by the employee with the least seniority."

Stern and removing Thomas. Thus, the Board considered neither RCW 41.06.010[6] nor former RCW 41.06.070(27).[7]

Thomas appealed his replacement by Stern. He contended that the RIF rules should have been applied in the determination of which position Stern would be allowed to occupy. Thomas contended that if the RIF rules had been applied, Stern would have been required to replace an employee junior to Thomas. The Board entered summary judgment against Thomas, and the Thurston County Superior Court affirmed the decision.

Thomas argues that the RIF rules applied when DSHS determined which position Stern would occupy upon return

---

[6]RCW 41.06.010: "**Declaration of purpose.** The general purpose of this chapter is to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff, recruitment, retention, classification and pay plan, removal, discipline, training and career development, and welfare of its civil employees, and other incidents of state employment. All appointments and promotions to positions, and retention therein, in the state service, shall be made on the basis of policies hereinafter specified."

[7]Former RCW 41.06.070: "**Exemptions—Right of reversion to civil service status.** The provisions of this chapter do not apply to:
". . . .

"(27) In addition to the exemptions specifically provided by this chapter, the state personnel board may provide for further exemptions pursuant to the following procedures. The governor or other appropriate elected official may submit requests for exemption to the personnel board stating the reasons for requesting such exemptions. The personnel board shall hold a public hearing, after proper notice, on requests submitted pursuant to this subsection. If the board determines that the position for which exemption is requested is one involving substantial responsibility for the formulation of basic agency or executive policy or one involving directing and controlling program operations of an agency or a major administrative division thereof, the personnel board shall grant the request and such determination shall be final. The total number of additional exemptions permitted under this subsection shall not exceed one hundred eighty–seven for those agencies not directly under the authority of any elected public official other than the governor, and shall not exceed a total of twenty–five for all agencies under the authority of elected public officials other than the governor. The state personnel board shall report to each regular session of the legislature during an odd–numbered year all exemptions granted pursuant to the provisions of this subsection, together with the reasons for such exemptions."

and that Stern should have been offered the position occupied by the least senior employee in the appropriate classification. DSHS responds that Stern's return to classified service was not a RIF, but merely a return from exempt service.

■■ The Board and the Superior Court agreed with DSHS. An agency's interpretation of its own rule is entitled to great weight, *Weyerhaeuser Co. v. Department of Ecology*, 86 Wn.2d 310, 315, 545 P.2d 5 (1976), but that interpretation remains subject to independent appellate review. *Terhar v. Department of Licensing*, 54 Wn. App. 28, 32, 771 P.2d 770, *review denied*, 113 Wn.2d 1008 (1989). WAC 356–30–330(1)(b) reads as follows:

> When employees have statutory and merit system rule rights to return to the classified service and the total number of employees exceeds the number of positions to be filled in the classification, those employees in excess will have the reduction in force rights prescribed in this section.

■ The section specifically addresses situations where employees have "rights to return to the classified service". While the rule does not expressly state that the returning employee is included within the "total number of employees . . .," that is a reasonable interpretation. Any other view would open the door to arbitrary actions by agencies otherwise precluded from arbitrary action by the civil service rules.

■ Stern did not have a right to the position he previously held, because that position no longer existed. He had, however, the right to return to a position of "similar nature and salary." *See* former RCW 41.06.070(27) and WAC 356–06–055(1). There may have been a number of such positions. To permit an agency to select the position without reference to any guidelines would be to permit it to "bump" the employee of its choice for any reason whatsoever.

Such arbitrary authority is inconsistent with the purposes of the civil service system as expressed in RCW 41.06.010. Exempt positions are excluded from civil service coverage, but the theory is that personnel decisions *within*

*the system* will not be arbitrary, but will be guided by objective rules.

DSHS should have determined which range 64 position was occupied by the least senior employee, as mandated by WAC 356–30–330(2)(e)(iv), and offered Stern that position. The judgment of the trial court is reversed.

In light of our decision, we do not reach Thomas's other arguments.

ALEXANDER, C.J., and WORSWICK, J., concur.

Reconsideration denied January 8, 1991.