[No. 13505-1-II.    Division Two.    September 26, 1991.]

BARBARA A. NELSON, *Appellant*, v. THE DEPARTMENT
OF CORRECTIONS, ET AL, *Respondents*.

*Douglas P. Wyckoff* and *Swanson, Parr, Cordes, Young-love, Peeples & Wyckoff,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Linda A. Dalton* and *Spencer W. Daniels, Assistants,* for respondents.

PETRICH, J. — The Washington State Department of Corrections, under a claim of reversion,[1] removed Barbara Nelson from a Classification Counselor 3 position during her trial service period and reinstated her to a prior position as Community Corrections Officer 2. She claimed that the Department violated pertinent rules governing personnel matters by classifying her removal as a "reversion" and now appeals from the superior court order affirming the Personnel Appeals Board's dismissal of her appeal. We reverse.

Nelson, when classified as a Community Corrections Officer 2, applied for and was appointed to a Classification Counselor 3 position, effective February 1, 1988. Her appointment was subject to a 6-month trial service period. Her performance evaluation in May 1988 rated her performance as "Meets Normal Requirements". In July 1988, the Department of Personnel notified Nelson that it had learned that she did not possess a bachelor's degree as required for appointment to the Classification Counselor 3 position. Nelson had a physician's assistant degree and at no time misrepresented her qualifications. After learning of the disparity in Nelson's qualifications, the Department of Personnel informed her that it would not revoke her appointment.

---

[1] WAC 356-05-365 defines reversion as:

"Voluntary or involuntary movement of an employee during a six-month trial service period to the class which was held prior to the current trial service appointment."

However, the Department of Corrections notified Nelson that it was reverting her because she did not have a bachelor's degree. It later conceded that her performance was not an issue.

Nelson appealed the Department's action to the Personnel Appeals Board. The Board ruled that under WAC 356-30-320(2), employees who are reverted to their prior positions during the trial service period have no right of appeal.[2] The Board dismissed the appeal and the Superior Court affirmed the Board's decision.

■ ■ The standard of review for Personnel Appeals Board decisions is governed by statute:

> RCW 41.64.130 provides for appeals from decisions of the Board which were founded on or contained an error of law, contrary to a preponderance of the evidence, materially affected by unlawful procedure, in violation of the constitution, or arbitrary or capricious. This court reviews the decision of the Board de novo on the record made at the Board level, applying the same standard of review as the superior court.

(Citations omitted.) *Fuller v. Department of Empl. Sec.*, 52 Wn. App. 603, 605, 762 P.2d 367 (1988), *review denied*, 113 Wn.2d 1005 (1989). Nelson argues that the Board's dismissal of her appeal under WAC 356-30-320 was founded on an error of law because the Department of Corrections' action was not a "reversion", as claimed. Rather, it "revoked" her appointment for failure to have the minimum qualifications. And, she argues that the Department of Corrections exceeded its statutory authority by "revoking" her appointment because only the Director of Personnel has the authority to revoke an erroneous appointment for failure to have minimum qualifications. We agree.

■ ■ The reversion regulation, WAC 356-30-320(1), must be read in conjunction with WAC 356-30-305(1). *See Champion v. Shoreline Sch. Dist. 412*, 81 Wn.2d 672, 674, 504 P.2d 304 (1972) (statutes relating to the same subject matter should be construed together). *See also State v. Burke*,

---

[2]However, as a permanent employee, Nelson may appeal a violation of state civil service law or the merit system rules to the Personnel Appeals Board. *See* RCW 41.06.170(2).

92 Wn.2d 474, 478, 598 P.2d 395 (1979) (rules of statutory construction apply to administrative rules and regulations). The language of WAC 356-30-320(1), "fails to satisfactorily complete the trial service period shall automatically revert", and of WAC 356-30-305(1), "[t]he trial service period will provide the appointing authority with the opportunity to observe the employee's work and to . . . revert such an employee whose work performance fails to meet required standards", limits the Department of Corrections' power to revert an employee to those cases in which the employee's work performance is not satisfactory.

Here, the Department of Corrections conceded that Nelson's lack of minimum qualification was the only reason for its decision; performance was not an issue. Therefore, its decision does not qualify as a reversion.

Rather, the Department of Corrections' decision was a "revocation"; it removed Nelson because she was appointed in error. The Department of Personnel has the sole authority to remove an employee who is appointed in error. *See* RCW 41.06.150(2); WAC 356-26-010, -120. It alone may revoke an erroneous appointment for failure to have minimum qualifications. WAC 356-26-120(4). Thus, the Department of Corrections exceeded its statutory authority when it removed Nelson for failing to have the minimum qualifications.

We reverse and order Nelson's reinstatement to the Classification Counselor 3 position for the remainder of her trial service period.

WORSWICK, C.J., and ALEXANDER, J., concur.