[No. 15130-8-II. Division Two. September 15, 1993.]

LAVERNE E. SULLIVAN, ET AL, *Appellants,* v. THE DEPARTMENT OF TRANSPORTATION, *Respondent.*

318

*Darrel L. Peeples* and *Swanson, Parr, Cordes, Younglove & Peeples,* for appellants.

*Christine O. Gregoire, Attorney General,* and *Spencer W. Daniels, Assistant,* for respondent.

SEINFELD, J. — LaVerne Sullivan, Evelyn DeLange, and Rex Murphy, employees of the Department of Transportation, appealed their annual performance evaluations to the Personnel Appeals Board. The Board dismissed the appeals and the employees appealed to Thurston County Superior Court. The Superior Court affirmed the Board. We also affirm.

State law requires annual performance evaluations of state employees. RCW 41.06.169; WAC 356-30-300(1). The administrative rules state that the evaluation "will be conducted"

during a 60-day period following an employee's "anniversary date" or a different due date established by the employing agency. WAC 356-30-300(2).[1] The Department performed the appellants' evaluations after the due date: Sullivan's was 10 days late; DeLange's was 2 months late; Murphy's was 3 days late.[2] Appellants characterize the tardy evaluations as "unacceptable". Presumably, this means that the evaluations were unfavorable.

Appellants sought to have the untimely evaluations removed from their files. They argued that this was the appropriate remedy for the Department's failure to complete their evaluations within 60 days of the due dates. When the Department refused to remove the evaluations, the employees appealed to the Personnel Appeals Board.

The Board granted the Department's motion to dismiss for failure to state a claim for which relief could be granted. For purposes of that motion, the Department conceded and the Board assumed the evaluations to be untimely under WAC 356-30-300(2). In its written ruling, the Board concluded that WAC 356-30-300(2) was directory rather than mandatory and that removing an untimely evaluation from the employee's file would be inconsistent with the purposes and goals of the evaluation program. On appeal to this court, appellants claim an error of law contending that the due date language in WAC 356-30-300(2) is mandatory and that removal of an untimely evaluation is the appropriate remedy. They also contend that the Personnel Appeals Board's order was arbitrary or capricious and materially affected by unlawful procedure.

STANDARD OF REVIEW

Our review of the Personnel Appeals Board's decision is governed by RCW 41.64.130 and .140, not former RCW

---

[1] The Department's policy was to use the end of the month of the employee's birthdate as the due date. Policy Directive D 73-17.

[2] These are the facts as alleged by the appellants. The Personnel Appeals Board did not hear any testimony or enter findings, dismissing the appeals as a matter of law.

34.04.130. *Ballinger v. Department of Social & Health Servs.*, 104 Wn.2d 323, 328, 705 P.2d 249 (1985); *Muije v. Department of Social & Health Servs.*, 97 Wn.2d 451, 453, 645 P.2d 1086 (1982). An employee may appeal a Board decision on the grounds that the order was (among other things) "[f]ounded on or contained an error of law", "[m]aterially affected by unlawful procedure", or "[a]rbitrary or capricious". RCW 41.64.130(1). We review the Board decision de novo on the Board's record, applying the same standard of review as the superior court. *Nelson v. Department of Corrections*, 63 Wn. App. 113, 115, 816 P.2d 768 (1991).

When reviewing a claimed error of law, we may "essentially substitute [our] judgment for that of the administrative body, though substantial weight is accorded the agency's view of the law." *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983). The Personnel Appeals Board action is arbitrary and capricious if it is "willful and unreasonable action, without consideration and in disregard of facts or circumstances." *Terhar v. Department of Licensing*, 54 Wn. App. 28, 34, 771 P.2d 1180, *review denied*, 113 Wn.2d 1008 (1989). When the Board acts honestly and upon due consideration, its action is not arbitrary or capricious if there is room for two opinions, even if we believe the Board reached an erroneous conclusion. *Terhar*, 54 Wn. App. at 34.

PERSONNEL APPEALS BOARD

Citing to *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 379, 561 P.2d 195 (1977), appellants argue that we must give "great weight" to the State Personnel Board's interpretation of the regulation's language, not to the Personnel Appeals Board's interpretation, because the former, not the latter, promulgated WAC 356-30-300. The employees cite to a 1985 State Personnel Board decision holding the language of a precursor to WAC 356-30-300 to be mandatory and requiring removal of an untimely evaluation.

However, the 1985 decision was overruled by more recent Personnel Appeals Board decisions. Furthermore, the

State Personnel Board no longer has authority to interpret the merit system rules in individual cases.

The Personnel Appeals Board succeeded the State Personnel Board as the administrative body hearing civil service appeals and, thus, is the administrative body construing merit system rules (WAC Title 356) in individual cases. *See* RCW 41.06.170(2), 41.64.010, .090, former RCW 41.64.900; WAC 358-01-010, -20-020. It is the successor adjudicative body, exercising the interpretive authority previously exercised by the State Personnel Board. Thus its interpretation of merit system rules is entitled to substantial weight. *See Terhar,* 54 Wn. App. at 32, 35.

### DIRECTORY STATUTES AND REGULATIONS

The Personnel Appeals Board[3] held that the 60-day time limit in WAC 356-30-300(2) is directory, not mandatory. The employees contend that this was an error of law.

State agencies are required to use standardized procedures and forms "for the appraisal of employee job performance at least annually". RCW 41.06.169. Under the merit system rules,

> (1) Agencies *shall* evaluate the performance of their employees . . . at least once a year . . ..
> (2) The annual evaluation *will* be conducted during the sixty-day period following the employee's anniversary date, except an agency can establish, on a consistent basis, a due date which better accommodates the agency's particular needs. The evaluation will cover the period ending with the established due date.

(Italics ours.) WAC 356-30-300.

■ A court interprets administrative regulations by using the ordinary rules of statutory construction. *See State v. Burke,* 92 Wn.2d 474, 478, 598 P.2d 395 (1979). The employees argue that use of the words "shall" and "will" in the regulation make the time limits mandatory and require removal and destruction of an untimely evaluation. We disagree; as used here, the terms are directory.

---

[3]Future references to "the Board" in this opinion will mean the Personnel Appeals Board.

*Niichel v. Lancaster*, 97 Wn.2d 620, 647 P.2d 1021 (1982), involved statutes stating that a county assessor "shall" list and value all property by May 31, give notice of change in value no later than 30 days after appraisal, and file his or her assessment book on the first Monday of July. The Clallam County assessor missed all of these deadlines. A local property owner challenged his property assessment on the basis that the term "shall" is mandatory and that the assessor's failure to perform a mandatory duty made the assessment invalid. 97 Wn.2d at 621-23. The *Niichel* court disagreed.

■ A statute setting a time within which a public officer is to perform an official act is directory unless the nature of the act or language of the statute makes clear that the designation of time limits the power of the officer. *Niichel,* 97 Wn.2d at 623. When a "statute is merely a guide for the conduct of business and for orderly procedure rather than a limitation of power", it is directory. 97 Wn.2d at 624 (quoting 1A C. Sands, *Statutory Construction* § 25.03, at 298-99 (4th ed. 1972)). In addition, when the time for or manner of performing the authorized action is not essential to the purpose of the statute, the time and manner provisions are considered directory. 97 Wn.2d at 624.

■ As in *Niichel*, the regulation here prescribes the procedure to be used in conducting evaluations; it does not purport to limit the power and duty to conduct evaluations. The specified time for performance is not essential to the purpose of the evaluation statute. *See* 97 Wn.2d at 624.

The time limit set forth in WAC 356-30-300(2) is not designed to protect employee interests, but instead establishes an orderly procedure for the regular evaluation of all state employees, as required by RCW 41.06.169. Thus, the 60-day provision of WAC 356-30-300(2) is directory, not mandatory.

### REMEDY

The Department's noncompliance with a directory statute does not invalidate the employee evaluations. *See Niichel*, 97 Wn.2d at 623. The general purpose of the state civil service

law (RCW 41.06) "is to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, . . . removal, discipline . . . of its civil employees". RCW 41.06.010. All state hiring, promotion, and retention is to be based on the policies in the civil service law. RCW 41.06.010.

In general, a regulation should "be interpreted consistently with its underlying policy." *Sunnyside v. Fernandez*, 59 Wn. App. 578, 582, 799 P.2d 753 (1990). The State needs the annual evaluations to improve "efficiency, effectiveness, and economy" and to decide whom to promote, whom to retain, and whom to discharge. RCW 41.06.169; *see* RCW 41.06.010. The employees have made no showing that the evaluations here are not otherwise valid; destruction of a valid (but untimely) evaluation does not serve the purposes of the civil service law.

The employees further argue that the evaluation procedure is intended to be a communication process, the focus of which is to cooperatively improve performance and correct shortcomings in the future. A late evaluation may serve this goal; deleting a tardy evaluation certainly will not. Furthermore, while appellants may be adversely affected by the contents of their evaluations, they fail to show how they are adversely affected by the *untimeliness* of the evaluations.

While we agree that performance evaluations should be conducted in a timely manner, we note that the law provides other remedies for tardiness. The Department is required to follow the provisions of the civil service law, RCW 41.06.040, and merit system rules, WAC 356-06-001, -020. The law and the rules require agencies and supervisors to annually evaluate the performance of subordinate employees. RCW 41.06-.169; WAC 356-05-400(4). Supervisors may suffer sanctions for failing to comply. *See* RCW 41.06.196; WAC 356-34-010(3). A state employee may be demoted, suspended, discharged, or his salary reduced for neglect of duty or willful violation of personnel rules. WAC 356-34-010(1).

We recognize that under some set of circumstances, removal of an untimely evaluation from an employee's file

might be appropriate. The Board will consider voiding an evaluation when delay "cast[s] doubt upon the value and credibility of the evaluation." *Amicarella-Sohns v. Department of Social & Health Servs.*, PAB V88-043, at 4 (Sept. 26, 1988). Absent such circumstances, removal is not the proper remedy.

OTHER CLAIMED ERRORS

Appellants also argue that the Board's decision was materially affected by unlawful procedure because the Board improperly excluded their evidence. According to the record, the employees offered into evidence only the evaluations in question and their driver's licenses with birthdates to establish untimeliness. The Board, however, assumed untimeliness for the purposes of the Department's motion on the pleadings; the Board granted the motion as a matter of law. The Board's refusal to admit these exhibits was not unlawful procedure.

The employees also argue that the Board acted arbitrarily or capriciously, first, by refusing to admit evidence. However, the Board's refusal to admit the evidence was not willful or unreasonable or in disregard of the facts. *See Terhar*, 54 Wn. App. at 34. Second, the employees contend the Board's overruling of its previous decisions by a 2-to-1 vote after a new member joined the Board was arbitrary and capricious. This was done in an earlier decision and the Board merely reaffirmed that decision in this case.

The Board's earlier decision is not properly before us. In the current case, the Board acted reasonably by relying on its own precedents to dismiss a claim it did not recognize. It did not depart from its usual rules to reach a different and unexplained result in a single case. The Board did not act arbitrarily or capriciously.

Affirmed.

ALEXANDER, C.J., and GREEN, J. Pro Tem., concur.

Review denied at 123 Wn.2d 1018 (1994).