[No. 13400-8-III.    Division Three.    April 19, 1994.]
LAUREN L. MCNIECE, *Appellant*, v. WASHINGTON STATE
UNIVERSITY, *Respondent*.

*Edward E. Younglove* and *Swanson, Parr, Cordes, Young-love & Peeples,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Robert R. Hoon, Assistant,* for respondent.

MUNSON, J. — Lauren L. McNiece appeals the Superior Court's denial of her appeal from a decision of the Higher Education Personnel Board (HEPB). We affirm.

On April 17, 1991, Ms. McNiece received a letter stating she was being laid off from her position as a library specialist at Washington State University (WSU) effective May 3. The letter was signed by Lynda J. Carey, assistant to the vice provost of the graduate school, and cited a lack of work as the reason for the layoff. At the time of the layoff, Ms. McNiece had been employed by WSU for over 16 years.

Ms. McNiece filed an appeal with the HEPB contending Ms. Carey did not have authority to lay her off. After a decision in favor of WSU, Ms. McNiece appealed to the Superior Court; her appeal was denied, and this appeal followed.

Ms. McNiece contends she was not laid off by a person with "appointing authority" as required by higher education personnel rules.

On review of a decision of the HEPB, there is a prima facie presumption its findings of fact are correct. Former RCW 28B.16.150(1)(b); *Cunningham v. Community College Dist. 3*, 79 Wn.2d 793, 797, 489 P.2d 891 (1971). In this case, however, the facts are not disputed; at issue is the meaning of a statute, RCW 28B.10.528. While the HEPB's interpretation of the statute is not binding on this court, we do accord substantial weight to its interpretation. *Sullivan v. Department of Transp.*, 71 Wn. App. 317, 321, 858 P.2d 283 (1993).

Under RCW 28B.30.150(2), the appointing authority at WSU is vested in the Board of Regents. However, RCW 28B.10.528 permits the Board to delegate its authority:

> The governing boards of institutions of higher education shall have power, when exercised by resolution, *to delegate to the president or his designee*, of their respective university or college, any of the powers and duties vested in or imposed

upon such governing board by law. Delegated powers and duties may be exercised in the name of the respective governing boards.

(Italics ours.)

On June 5, 1971, the WSU Board of Regents passed a resolution appointing the president, "or such other persons declared by him to be his designee, as 'appointing authority' . . .". Since that time, the president has designated various people, including Ms. Carey, as appointing authorities. However, the Board has never approved these designees or directly delegated any authority to them.

The question is whether the delegation by the president to these designees is valid. The answer depends on how the statute is interpreted. Stripped of extraneous language, the statute states: "The governing boards . . . shall have power . . . to delegate to the president or his designee . . . any of the powers and duties vested in . . . [the] board . . .". RCW 28B.10.528.

Ms. McNiece argues the statute contemplates the president designate a person and the Board then delegate authority to that person; in essence, the delegation must be directly by the Board to the president's designee. She points out that discretionary authority, as is involved here, may generally only be subdelegated when expressly authorized. *Ledgering v. State*, 63 Wn.2d 94, 100, 385 P.2d 522 (1963). She argues the statute, literally construed, gives the power to delegate to the Board, not to the president, and any designation by the president not approved by the Board is, in effect, a subdelegation.

WSU argues the statute was intended to allow the Board to delegate authority to the president who could then further delegate to his designees. Or, stated another way, the statute authorizes the Board to delegate to the president's designees, even though those designees have not yet been chosen.

Although the meaning of RCW 28B.10.528 was not at issue in the case, our Supreme Court has said of the statute: "In 1971, RCW 28B.10.528 was enacted which expressly allowed

the board of regents to *delegate and subdelegate* authority from the board to the president or the designee of the president." (Italics ours.) *Cathcart v. Andersen*, 85 Wn.2d 102, 106, 530 P.2d 313 (1975). Because the construction of the statute was not at issue in *Cathcart*, we do not rest our decision solely on the Supreme Court's statement.

██ A court's goal in the interpretation of a statute is to determine the Legislature's intent. *Kadoranian v. Bellingham Police Dep't*, 119 Wn.2d 178, 185, 829 P.2d 1061 (1992). Although a determination of the Legislature's intent should begin with the language of the statute itself, RCW 28B.10.528 is ambiguous; either of the urged interpretations could be correct. Likewise, the legislative history behind RCW 28B.10.528 is limited and does not clarify which of the proposed constructions the Legislature intended.

The Legislature's intent may also be determined by looking at its apparent purpose in enacting the statute. "The spirit or purpose of an enactment should prevail over the express but inept wording." *State v. Day*, 96 Wn.2d 646, 648, 638 P.2d 546 (1981). The Legislature has directed that all of RCW Title 28B be considered in construing any of its parts. RCW 28B.900.040. Looking at other portions of RCW Title 28B gives some guidance as to the Legislature's intent in enacting RCW 28B.10.528.

██ The Legislature has granted broad powers to and imposed extensive duties on the WSU Board of Regents. RCW 28B.30.150 sets forth in 26 paragraphs the powers and duties of the Board. *See also* RCW 28B.30.095. Although the Board has been granted very broad powers of management, RCW 28B.10.528 was enacted to allow the Board to delegate those powers and duties to administrators. In light of the extensive powers and duties vested in the Board and the reality of operating a large complex institution, we believe the Legislature must have contemplated a wide delegation of those powers and duties. To adopt the construction urged by Ms. McNiece would require the Board to individually consider each delegation of any of its various

powers and duties to those individuals designated by the president. We believe the Legislature's intent in enacting RCW 28B.10.528 was to free the Board from such "micromanagement". The construction urged by WSU furthers that intent. Ms. Carey did have appointing authority[1] when she laid off Ms. McNiece.

Affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.

Review denied at 124 Wn.2d 1030 (1994).

[Nos. 15323-8-II; 15324-6-II;  Division Two.   April 21, 1994.]
15325-4-II; 15326-2-II; 15327-1-II;
15328-9-II; 15329-7-II; 15330-1-II;
15331-9-II; 15677-6-II; 15678-4-II.

---

[1]WAC 251-10-030(1)provides "[a]n appointing authority may layoff . . . an employee . . . because of . . . lack of work." An "appointing authority" is defined in WAC 251-01-035 as "[a] person or group of persons lawfully authorized to make appointments."