# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CHRISTOPHER CARRILLO, | ) | No. 78376-9-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| STATE OF WASHINGTON, | ) | |
| DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | FILED: July 29, 2019 |
| | ) | |

MANN, A.C.J. — Christopher Carrillo asked the Department of Employment Security to backdate his unemployment benefits to the date that he was terminated from his position as a permanent employee and rehired as a temporary worker. Finding that Carrillo's lack of knowledge as to his eligibility did not constitute good cause to backdate his benefits, the Department denied Carrillo's request. Carrillo appealed the Department's denial to the Department's Administrative Law Judge (ALJ), then to the Department commissioner, and the superior court, all of whom affirmed the Department. We also affirm.

I.

Prior to March 25, 2016, Carrillo worked as a permanent staff accounting representative for Account Temps. During this time, Carrillo worked on various projects on an assignment by assignment basis. When unassigned, Account Temps would still pay Carrillo a salary.

Sometime before March 25, 2016, Account Temps informed Carrillo that he was terminated, but asked if he would be willing to transition to a role as a temporary contractor. Carrillo agreed, and on March 28, 2016, Account Temps sent him a letter that noted his termination date as March 25, 2016. In his new role, Carrillo still worked on an assignment by assignment basis, but was not paid in between assignments.

From March to August of 2016, Carrillo worked the majority of the time. Then for the four-week period leading up to September 17, 2016, Account Temps did not assign Carrillo to any projects. Carrillo filed for unemployment benefits on September 17, 2016. On March 12, 2017, Carrillo asked the Department to backdate his unemployment benefits from September 2016 to March 2016. Carrillo explained that he could have applied for unemployment benefits beginning in March 2016 but did not, and he wanted his unemployment benefits to begin the same date as his termination from his permanent position with Account Temps.

On April 22, 2017, the Department denied Carrillo's request to backdate his unemployment benefits upon finding that he did not have good cause to do so. Carrillo appealed this decision to the Department's ALJ, who held a hearing on July 7, 2017. The ALJ issued findings of fact, conclusions of law, and an order on July 10, 2017 denying Carrillo's appeal. Carrillo appealed the ALJ's decision to the Department

commissioner, who also denied Carrillo's appeal. Carrillo appealed the commissioner's decision to the King County Superior Court, which affirmed. Carrillo appeals.

II.

This dispute is governed by the Washington Administrative Procedure Act (WAPA), ch. 34.05 RCW. "Judicial review of a decision of the [Department] commissioner involving the review of an appeals tribunal decision may be had only in accordance with the procedural requirements of RCW 34.05.570." RCW 50.32.120.[1] The WAPA provides, as relevant to this appeal, that this "court shall grant relief from an agency order . . . only if it determines that"

> (d) The agency had erroneously interpreted or applied the law; [or]
> (e) The order is not supported by evidence that is substantial when viewed in light of the whole record before the court.

RCW 34.05.570(3). "The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a). "In reviewing administrating action, this court sits in the same position as the superior court, applying the standards of the WAPA directly to the record before the agency." Tapper v. Wash. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494 (1993).

"We review the Commissioner's legal determinations using the error of law standard . . . which allows us to substitute our view of the law for that of the commissioner." Verizon Northwest, Inc. v. Wash. Emp't Sec. Dep't, 164 Wn.2d 909, 915, 194 P.3d 255 (2008) (citing Haley v. Med. Disciplinary Bd., 117 Wn.2d 720, 728, 818 P.2d 1062 (1991)). "However, under this standard, we accord substantial weight to

---

[1] See also RCW 34.05.510 ("This chapter establishes the exclusive means of judicial review of agency action . . ."); RCW 34.05.010(3) ("'Agency action' means. . . the granting or withholding of benefits.").

an agency's interpretation of a statute within its expertise . . . and to an agency's interpretation of rules that the agency promulgated." Verizon Northwest, 164 Wn.2d at 915 (citing Macey v. Wash. Emp't Sec. Dep't, 110 Wn.2d 308, 313, 752 P.2d 372 (1988); Wash. St. Liquor Control Bd. v. Wash. St. Pers. Bd., 88 Wn.2d 368, 379, 561 P.2d 195 (1977)).

We will affirm "an agency's factual findings unless they are not supported by substantial evidence." King County Pub. Hosp. Dist. No. 2 v. Wash. St. Dep't of Health, 178 Wn.2d 363, 372, 309 P.3d 416 (2013) (citing RCW 34.05.570(3)(e); Tapper, 122 Wn.2d at 402). "Substantial evidence is evidence in sufficient quantum to persuade a fair-minded person of the truth of the declared premise." William Dickson Co. v. Puget Sound Air Pollution Control Agency, 81 Wn. App. 403, 411, 914 P.2d 750 (1996). We give deference to the agency's factual determinations and view "the evidence and the reasonable inferences therefrom in the light most favorable to the party who prevailed in the highest forum that exercised fact-finding authority." William Dickson Co., 81 Wn. App. at 411 (quoting State ex. rel. Lige & Wm. B. Dickson Co. v. County of Pierce, 65 Wn. App. 614, 618, 829 P.2d 217 (1992)).

### III.

Under RCW 50.20.010, an unemployed individual is eligible to receive unemployment benefits from the State, if the individual is "able to work, and is available for work." The statute defines available for work as "ready, able, and willing, immediately to accept any suitable work which may be offered to him or her and must be actively seeking work." RCW 50.20.010(1)(c)(ii). Once the Department approves an individual's request for unemployment benefits, the individual may also request that the

Department backdate his or her application. The Department may do so, "either for the convenience of the [D]epartment . . . or for any other reason deemed by the commissioner to be good cause." RCW 50.04.030.

The Department defines good cause for the purposes of backdating employment benefit applications as "factors that would prevent a reasonably prudent person in similar circumstances from filing an application for benefits. These include, but are not limited to, incapacity due to illness or injury, or other serious factors." WAC 192-110-095(2)(a).

Carrillo argues that the Department's denial of his request to backdate his benefits was not supported by substantial evidence and was an erroneous interpretation or application of the law. Carrillo asserts that his employer listed the wrong termination date on his termination letter and because of this error he did not know when his actual termination date was. Carrillo argues that the Department should have granted his request to backdate his unemployment benefits to the date of his actual termination, and that the Department erred by refusing to acknowledge that the termination date listed on his termination letter was wrong.

Even if we assume that Carrillo's version of the facts are true,[2] Carrillo still has not met his burden to show that the Department's decision was not supported by substantial evidence or was an erroneous interpretation or application of the law because the record establishes that Carrillo does not have good cause to backdate his benefits. Carrillo admitted numerous times that he "never knew . . . that a temporary

---

[2] Which we do not have to do since we view reasonable inferences from the record in the light most favorable to the Department, "the party that prevailed in the highest forum that exercised fact-finding authority." William Dickson Co., 81 Wn. App. at 411.

worker can still file [for unemployment benefits]." ALJ Fager asked Carrillo if the reason he wanted to backdate his benefits was because he did not know that he was able to file for unemployment as a temporary worker, to which Carrillo responded, "Yes. In error, I was not aware that I could file as a temporary worker."[3]

Even if it is true that Account Temps actually terminated Carrillo prior to March 25, 2016, and thus the ALJ's finding that Carrillo was terminated on that date was erroneous, Carrillo admitted that he did not know until September 2016 that he was eligible to file for unemployment benefits as a temporary worker. But a lack of knowledge as to eligibility is not good cause under the statute. See Leschner v. Dep't of Labor and Indus., 27 Wn.2d 911, 926, 185 P.2d 113 (1947) (there is a "universal maxim that ignorance of the law excuses no one.").

Carrillo's situation is similar to that in In re McCallum, No. A-28412, 1955 WL 47723 (Wash. Emp't Sec. Dep't Comm'r Dec. No. 247, Oct. 4, 1955).[4] There, the petitioner became eligible for benefits on March 31, but did not apply until July 6 because he was under the mistaken belief that "he would be entitled to a maximum of 26 weeks of benefits payments, regardless of when applied for." McCallum, 1955 WL 47723 at 247. The Commissioner affirmed the Department's denial of the petitioner's benefits and reasoned that

> Although the petitioner governed his actions in accordance with his general understanding of the law, the fact remains that at all times herein he could have obtained correct and exact information with respect to his rights and obligations under the Act. His failure to do so has resulted in a

---

[3] See also Carrillo's request to backdate: "I could have applied for unemployment in March 2016 soon after I was terminated from the [permanent] position. Recently, I made this discovery. In error, I did not apply because I continued as a temporary worker."

[4] See RCW 50.32.095 ("The commissioner may designate certain commissioner's decisions as precedents."). The Department posts precedential decisions of the Commissioner at the website https://govt.westlaw.com/wapcd/Index.

substantial loss of benefits for which the Act provides no remedy. Harsh as it may be, the axiom of 'ignorance of the law is no excuse' is most appropriate to the factual situation presented.

McCallum, 1955 WL 47723 at 247.[5]

Although not binding on this court, the commissioner's precedential decisions are persuasive authority showing that the Department regularly refuses to interpret good cause as including a lack of knowledge on the applicant's part. See Martini v. Wash. Emp't Sec. Dep't, 98 Wn. App. 791, 795, 990 P.2d 981 (2000) (the commissioner's precedential decisions "are persuasive authority in this court"). As we accord substantial weight to an agency's interpretation of rules it promulgated, Verizon Northwest, 164 Wn.2d at 915, we agree with the Department that Carrillo's lack of knowledge as to his eligibility for benefits as a temporary worker was not good cause to backdate his benefits under RCW 50.04.030.

Therefore, even if the Department's findings as to Carrillo's termination date was erroneous, the record still supports the Department's determination that Carrillo did not have good cause to backdate his benefits.

We affirm.

_Mann, A.C.J._

WE CONCUR:

_Dwyer, J._   _Schindler, J._

---

[5] See also, In re Emps. of Crowley Maritime Petitioners, No. 7-06062, 1987 WL 995736 (Wash. Emp't Sec. Dep't Comm'r Dec. No. 796, 2d Series, Oct. 30, 1987) (good cause was not present when claimants relied on a third party's statement that they probably would not qualify for benefits because "[e]ach individual had the obligation to report to a Job Service Center in order to safeguard his right to receive benefits").